## UNITED STATES of America, Plaintiff–Appellee,

v.

## Jamar HENRY, Defendant–Appellant.

### No. 04–2036.

United States Court of Appeals, Seventh Circuit.

Argued April 4, 2005.

Decided Nov. 8, 2005.

Patricia A. McInerney, Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee.

Eric M. Schwing, Springfield, IL, for Defendant–Appellant.

Before Hon. RICHARD A. POSNER, Hon. ILANA DIAMOND ROVNER, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

### *ORDER*

This case is on appeal from a limited remand from our court pursuant to *United States v. Paladino,* 401 F.3d 471, 483–84 (7th Cir.2005). *United States v. Henry,* 408 F.3d 930, 935 (7th Cir.2005). The district court has now determined that it would impose the same sentence if we were to vacate the judgment and remand for re-sentencing even in light of the advisory nature of the Guidelines. We must therefore determine whether the sentence is reasonable. If it is, then any Sixth Amendment violation in the sentencing process did not affect his substantial rights and thus did not constitute plain error.

The parties have had the opportunity to file arguments concerning the appropriate

disposition of the appeal in light of the district court's decision, but only the government has availed itself of that opportunity. Henry's sentence is within the Guideline range, and therefore we must presume that the sentence of 262 months in prison, 8 years supervised release, and a $100.00 special assessment, is reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005). A defendant may rebut that presumption by demonstrating that his sentence is unreasonable in light of the factors identified in 18 U.S.C. § 3553(a).

The district court's order reveals that the court considered the 18 U.S.C. § 3553(a) factors, and that it properly applied those factors in determining that it would give the same sentence. There are no apparent errors in the court's consideration of those factors, nor does Henry raise any argument to this court that the sentence is unreasonable. Accordingly, we affirm Henry's sentence.